IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW DIRECTIONS TECHNOLOGY CONSULTING, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | C.A. No. 25-506 (RGA) |
| ABBOTT LABORATORIES INC. and BIGFOOT BIOMEDICAL, INC., | | |
| Defendants. | | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS UNDER RULE 12(b)(6)**

OF COUNSEL:

Gregg F. LoCascio, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

August 15, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

                                                                      **Page**

I.     INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT...................................................................................................................... 2

         A.     The Asserted Patents Claim Unpatentable Subject Matter Under § 101 ................ 2

                 1.     Representative claims ................................................................................. 2

                 2.     *Alice* step 1: The asserted patents claim abstract ideas............................... 2

                 3.     *Alice* step 2: The asserted patents claim no inventive concepts.................. 6

                 4.     The Complaint should be dismissed with prejudice ................................... 8

         B.     The Complaint Fails To State A Claim For Willful Infringement.......................... 9

III.   CONCLUSION................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
  97 F.4th 1371 (Fed. Cir. 2024) ...............................................................................3, 5, 6

*Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) .........................................................................................7

*CalAmp Wireless Networks Corp. v. ORBCOMM, Inc.*,
  233 F. Supp. 3d 509 (E.D. Va. 2017) ................................................................................3

*CardioNet LLC v. InfoBionic, Inc.*,
  816 F. App'x 471 (Fed. Cir. 2020) .................................................................................3, 8

*CardioNet, LLC v. InfoBionic, Inc.*,
  955 F.3d 1358 (Fed. Cir. 2020) .........................................................................................4

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  927 F.3d 1306 (Fed. Cir. 2019) .........................................................................................4

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019) ...........................................................................................8

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  880 F.3d 1356 (Fed. Cir. 2018) .........................................................................................5

*CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*,
  15 F.4th 1091 (Fed. Cir. 2021) ..........................................................................................7

*Data Engine Techs. LLC v. Google LLC*,
  906 F.3d 999 (Fed. Cir. 2018) ...........................................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016) .........................................................................................3

*Fast 101 PTY Ltd. v. Citigroup Inc.*,
  424 F. Supp. 3d 385 (D. Del. 2020), *aff'd,* 834 F. App'x 591 (Fed. Cir. 2020) ........................9

*Finjan Inc. v. Blue Coat Systems, Inc.*,
  879 F.3d 1299 (Fed. Cir. 2018) .........................................................................................5

*Finkelman v. Nat'l Football League*,
  810 F.3d 187 (3d Cir. 2016) ..............................................................................................9

*Fraud Tree Transactions LLC v. Ping Identity Corp.*,
  --- F. Supp. 3d ---, 2025 WL 1235194 (D. Del. Apr. 25, 2025) ................................................6

*Game Play Network, Inc. v. Potent Sys., Inc.*,
  2025 WL 26737 (D. Del. Jan. 3, 2025)........................................................................................8

*Gen. Elec. Co. v. LPP Combustion, LLC*,
  773 F. Supp. 3d 117 (D. Del. 2025)............................................................................................8

*GeoComply Sols. Inc. v. Xpoint Servs. LLC*,
  2023 WL 1927393 (D. Del. Feb. 10, 2023).........................................................................6, 7, 8

*Groove Digital, Inc. v. Jam City, Inc.*,
  2019 WL 351254 (D. Del. Jan. 29, 2019)...................................................................................9

*Guada Techs. LLC v. Vice Media, LLC*,
  341 F. Supp. 3d 390 (D. Del. 2018)............................................................................................8

*iFIT Inc. v. Peloton Interactive, Inc.*,
  2022 WL 609605 (D. Del. Jan. 28, 2022)...................................................................................9

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*,
  50 F.4th 1371 (Fed. Cir. 2022) ...................................................................................................6

*Koninkijke KPN NV v. Gemalto M2M GmbH*,
  942 F.3d 1143 (Fed. Cir. 2019)...................................................................................................4

*Malvern Panalytical Ltd v. TA Instruments-Waters LLC*,
  2021 WL 3856145 (D. Del. Aug. 27, 2021) ...............................................................................9

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
  837 F.3d 1299 (Fed. Cir. 2016)...................................................................................................5

*Mira Advanced Tech. Sys., Inc. v. Google LLC*,
  2022 WL 3925235 (S.D.N.Y. Aug. 31, 2022).............................................................................3

*Packet Intelligence LLC v. NetScout Systems, Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020)...................................................................................................4

*Peloton Interactive, Inc. v. Echelon Fitness Multimedia LLC*,
  2020 WL 3640064 (D. Del. July 6, 2020) ..................................................................................7

*Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*,
  827 F.3d 1042 (Fed. Cir. 2016)...................................................................................................5

*Simio, LLC v. FlexSim Software Prods., Inc.*,
  983 F.3d 1353 (Fed. Cir. 2020)...................................................................................................6

iii

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    930 F.3d 1295 (Fed. Cir. 2019)......................................................................................4

*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*,
    624 F. Supp. 3d 484 (D. Del. 2022)................................................................................5

*TecSec, Inc. v. Adobe Inc.*,
    978 F.3d 1278 (Fed. Cir. 2020)......................................................................................4

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
    957 F.3d 1303 (Fed. Cir. 2020)......................................................................................4

*Visual Memory LLC v. NVIDIA Corp.*,
    867 F.3d 1253 (Fed. Cir. 2017)......................................................................................5

*Weisner v. Google LLC*,
    51 F.4th 1073 (Fed. Cir. 2022) .....................................................................................4

*XY, LLC v. Trans Ova Genetics, LLC*,
    968 F.3d 1323 (Fed. Cir. 2020)......................................................................................4

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6)........................................................................................................6

I.  **INTRODUCTION**

Faced with Defendants' showing that the asserted patents claim unpatentable subject matter under § 101, and that the Complaint fails to state a claim for willfulness, Plaintiff offers nothing more than attorney hand-waving and technical-sounding bromides divorced from Plaintiff's own patents and pleadings.

*First*, as to whether its patents merely claim abstract ideas, Plaintiff spills much ink describing cases where courts have found patent eligibility. But Plaintiff provides little more than a recitation of its claims with bolding, and analysis-free platitudes specifying supposed "inventive concepts," with no showing of those actual concepts being disclosed and claimed by the alleged inventors. Plaintiff throws around § 101 catchphrases like "concrete technical advancements," "specific technological improvements and solutions," and "unconventional arrangement of [] components," but does not explain, much less show, how they apply to its patents.

*Second*, as to whether its patent claims recite inventive concepts, Plaintiff contends that its patents offer "[s]pecific technological improvements," such as "Advanced Sensor Integration," "Specialized Communication Interfaces," and "Rule-Based Automated Decision-making," but yet again cannot overcome its eligibility problem by presenting nothing more than fancy sounding techno-speak; Plaintiff never explains how these supposed improvements are found in the claim language, nor shows that the conceptual innovations it purports to lay claim to are more than abstract ideas implemented with generic technology.

*Third*, Plaintiff offers no legally sufficient basis for its willfulness allegation. Plaintiff's only basis for alleging Defendants' pre-suit knowledge of the patents is speculation that unnamed representatives may have attended a presentation or read an article mentioning the patents. The Court need not accept such rank speculation as true. But even if it did, that is not

enough, as Plaintiff does not allege Defendants' knowledge of *infringement* as required for willfulness.

## II.    ARGUMENT

### A.    The Asserted Patents Claim Unpatentable Subject Matter Under § 101

Plaintiff's opposition does not rebut Defendants' showing that all claims of the asserted patents are directed to abstract ideas and lack inventive concepts.

#### 1.    Representative claims

Plaintiff does not dispute that the four claims identified by Defendants—'393 patent claim 1, '111 patent claim 1, and '778 patent claims 1 and 11—are representative. D.I. 13 at 9-10.

#### 2.    *Alice* step 1: The asserted patents claim abstract ideas

Plaintiff does not show that its patents claim anything other than abstract ideas. Plaintiff offers only attorney argument that its patents "redefine the landscape of cardiac pacemakers and diabetes monitors," "address advancements in connected medical technologies," and "focus on specific technological improvements and solutions." D.I. 16 at 3-4. But Plaintiff provides no evidence from the patents or pleadings or otherwise to support these assertions. *Id*.

For example, regarding the '111 patent, Plaintiff provides no evidence that integrating multiple sensors and communication channels was unconventional in 2010-2012, or that using multiple sensors with a portable container, analysis of data relative to a situational rule, or generating action and notice data to be sent to different recipients, was anything but routine. *Id*. at 9-10. Plaintiff also does not explain how the claimed invention purportedly "created a new and improved support system for real-time patient treatment and care." *Id*. at 10.

Similarly, for the '778 and '658 patents, Plaintiff does not explain how the claimed container components supposedly provided technological improvements over the prior art. Plaintiff does not identify any problems associated with obtaining information for patient care

2

('778 patent), or lack of independence in prior telemedicine systems ('658 patent), nor does it explain how the claimed inventions purportedly addressed those problems. *Id.* at 9, 10-12.

As Defendants explained in their opening brief, the patents state that their claimed functions are implemented with generic, known sensors and other computer technology, and the claim limitations are precisely of the type found by courts to be impermissibly abstract. *See* D.I. 13 at 12-13, 16-17 (citing, *e.g.*, *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371 (Fed. Cir. 2024); *CardioNet LLC v. InfoBionic, Inc.*, 816 F. App'x 471 (Fed. Cir. 2020); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)). Plaintiff's conclusory assertions, unsupported by cites to **any** record evidence, do not rebut this showing. *See AI Visualize*, 97 F.4th at 1380 ("Conclusory allegations … cannot defeat a motion to dismiss.").

For the '393 patent, Plaintiff asserts it provides a "closed-loop system that automatically links a specific medication's usage with its location and user," and forms a "specific architecture" that is a "concrete technological improvement." D.I. 16 at 8-9. But this description is "wholly divorced" from the claim language, *AI Vizualize*, 97 F.4th at 1380, which merely recites a "central facility" that generates alerts to a user to carry their injector. D.I. 1-1 ('393 pat.), claim 1. As Defendants showed in their opening brief, the claims that Plaintiff ***actually*** obtained are materially indistinguishable from those found by courts to be impermissibly abstract. *See* D.I. 13 at 14-16 (citing *CalAmp Wireless Networks Corp. v. ORBCOMM, Inc.*, 233 F. Supp. 3d 509 (E.D. Va. 2017); *Mira Advanced Tech. Sys., Inc. v. Google LLC*, 2022 WL 3925235 (S.D.N.Y. Aug. 31, 2022)). Plaintiff does not show otherwise.

The cases Plaintiff cites do not support it. Unlike the patents-in-suit, in those prior cases, the patents identified a specific problem in the prior art and provided a specific technological solution through the claims:

3

- *Weisner v. Google LLC*, 51 F.4th 1073, 1084-88 (Fed. Cir. 2022) (specification emphasized that "conventional web searches have a problem of returning voluminous, generic, non-personalized search results," while claims recited "a specific technique for using physical location history data to improve computerized search results");

- *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1294-96 (Fed. Cir. 2020) (claimed invention addressed "a deficiency of using only multilevel security through encryption requiring keys at more than one level" by providing "[a] secure method of labeling files or messages that are sent from a sensing user to a receiving user over a network");

- *XY, LLC v. Trans Ova Genetics, LLC*, 968 F.3d 1323, 1330-32 (Fed. Cir. 2020) (claims "'describe[d] in detail a step-by-step method' for accomplishing a physical process" that "classifie[d] and separate[d] individual particles from a sample 'more accurately than in any other separation system'");

- *Packet Intelligence LLC v. NetScout Systems, Inc.*, 965 F.3d 1299, 1307-10 (Fed. Cir. 2020) (claimed invention "presented a technological solution to a technological problem," that "known network monitors were unable to identify disjointed connection flows to each other," by providing "a more granular, nuanced, and useful classification of network traffic … rather than an abstract result");

- *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1307-09 (Fed. Cir. 2020) (claims provided "patent-eligible improvement to computer functionality, namely the reduction of latency experienced by parked secondary stations in communication systems" by "enabl[ing] a primary station to simultaneously send inquiry messages and poll parked secondary stations");

- *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1368-69 (Fed. Cir. 2020) (claims recited "an improved cardiac monitoring device" that "more accurately detects the occurrence of atrial fibrillation and atrial flutter … and allows for more reliable and immediate treatment of these two medical conditions");

- *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1303-04 (Fed. Cir. 2019) (specification described how claimed invention was directed at solving "weaknesses in conventional networks," by providing "a framework for the recognition of more global threats to interdomain connectivity" that "overrides the routine and conventional sequence of events");

- *Koninkijke KPN NV v. Gemalto M2M GmbH*, 942 F.3d 1143, 1149-53 (Fed. Cir. 2019) (claims recited "a specific implementation of varying the way check data is generated that improves the ability of prior art error detection systems to detect systematic errors");

- *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1315-19 (Fed. Cir. 2019) (finding claims recited abstract ideas but with an inventive concept, where claimed invention improved "inferior" prior art systems that were "bulky, expensive in terms of hardware, and expensive in terms of requiring a user to purchase an extra and/or separate cellular service for the data capture device," and patentee pointed to "*evidence* suggesting that [the claimed] techniques had not been implemented in a similar way.");

4

- *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1007-11 (Fed. Cir. 2018) (claims addressed problem that "prior art computer spreadsheets were not user friendly" and "solved this known technological problem in computers in a particular way—by providing a highly intuitive, user-friendly interface with familiar notebook tabs for navigating the three-dimensional worksheet environment");

- *Finjan Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303-06 (Fed. Cir. 2018) (claims solved problem of prior art systems that were unable to detect unknown viruses by providing a "behavior-based approach to virus scanning" that "employ[ed] a new kind of file that enables a computer security system to do things it could not do before");

- *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361-63 (Fed. Cir. 2018) (specification taught that "prior art interfaces had many deficits relating to the efficient functioning of the computer," while claims were "directed to a particular manner of summarizing and presenting information in electronic devices," thereby providing an "improved user interface for electronic devices");

- *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1258-62 (Fed. Cir. 2017) (claimed invention achieved multiple technological improvements in computer functioning, including "obviat[ing] the need to design a separate memory system for each type of processor, which proved to be costly and inefficient, and, at the same time, avoid[ing] the performance problems of prior art memory systems");

- *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1047-50 (Fed. Cir. 2016) (claims were "directed to a new and useful method of preserving hepatocyte cells," solving the problem that "[c]onventional preparation methods were unable to create a frozen hepatocyte preparation that could be stored for a long duration and then, upon thawing, result in a pool of hepatocytes from multiple donors with viability upwards of 70%");

- *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313-14 (Fed. Cir. 2016) (claimed invention provided "accurate and realistic lip synchronization and facial expressions in animated characters that previously could only be produced by human animators") (internal quotes omitted);

- *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 624 F. Supp. 3d 484, 490-91 (D. Del. 2022) (claimed invention solved problem that "conventional methods" for blending butane were "imprecise" by providing a "specific improvement to the physical blending").

Here, even as characterized by Plaintiff, the patents claim their inventions at a "high level of generality," *AI Vizualize*, 97 F.4th at 1378, and Plaintiff does not identify any problems in the prior art that the claimed inventions purported to solve or explain how the claimed inventions provided technological solutions to any such problems. Rather, Plaintiff's arguments as to how the

5

claimed inventions purportedly constitute specific technological improvements are "merely conclusory, and without support," and therefore "unavailing." *Fraud Tree Transactions LLC v. Ping Identity Corp.*, --- F. Supp. 3d ---, 2025 WL 1235194, at *7 (D. Del. Apr. 25, 2025); *see also AI Vizualize*, 97 F.4th at 1380; *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) ("We disregard conclusory statements when evaluating a complaint under Rule 12(b)(6).").

### 3. *Alice* step 2: The asserted patents claim no inventive concepts

Plaintiff also does not show that the asserted claims recite inventive concepts. Plaintiff lists components and method steps that it says are "technological and functional improvements," but does not link these to the claim language or show how they improve over the prior art. D.I. 16 at 13-14. "[W]hen, as here, the defendant contends that the asserted claim lacks a plausible factual basis in the form of an inventive concept, the patent owner is required to respond with **more than 'conclusory allegations of inventiveness.**'" *GeoComply Sols. Inc. v. Xpoint Servs. LLC*, 2023 WL 1927393, at *13 (D. Del. Feb. 10, 2023) (quoting *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371 (Fed. Cir. 2022)). Plaintiff fails to, and could not, do so, here.

For example, Plaintiff does not explain how any claimed "sensor integration" is "advanced." D.I. 16 at 15. The patents acknowledge that portable communication devices with multiple sensors, including environmental, usage, location and patient sensors for example, were known, and describe using standard sensor types in the claimed invention without any identified advancements in integration or otherwise. *See, e.g.*, D.I. 1-3 ('111 pat.) at 3:1-23, 11:3-21, 19:12-21. The patents also do not describe any "specialized communication interfaces." D.I. 16 at 15. The patents use only generic computer technology to interface between components, without describing any technological advance in such interfaces. *See, e.g.*, D.I. 1-2 ('778 pat.) at 19:47-20:20. The claims also do not show any technological improvement in "rule-based automated

6

decision-making." D.I. 16 at 15-16. At most, the '111 patent claims manipulating data based on a "situational rule" and "notification rule," but the patent does not explain how these rules supposedly provide a technological improvement in "automated decision-making." *See, e.g.*, D.I. 1-3 ('111 Pat.), claim 1. On the contrary, the patent acknowledges that such rules-based data analysis and alerting was known. *See, e.g., id.* at 2:19-3:21. Although "plausible factual allegations of an inventive concept can defeat a motion to dismiss, ***a plaintiff cannot defeat a motion to dismiss merely by including conclusory allegations of inventiveness***." *GeoComply Sols*., 2023 WL 1927393, at *14 (internal citation omitted).

Again, in the cases Plaintiff cites, the patents identified a specific gap or problem in the prior art and explained how the claimed combination of components solved it. For example, in *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, the asserted patent claims and specification recited "a specific improvement to authentication that increases security, prevents unauthorized access by a third party, is easily implemented, and can advantageously be carried out with mobile devices of low complexity." 15 F.4th 1091, 1098 (Fed. Cir. 2021). And in *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, the asserted patent showed how "prior art filters were either susceptible to hacking and dependent on local hardware and software, or confined to an inflexible one-size-fits-all scheme," while the claims provided "a filter implementation versatile enough that it could be adapted to many different users' preferences while also installed remotely in a single location." 827 F.3d 1341, 1350 (Fed. Cir. 2016); *see also Peloton Interactive, Inc. v. Echelon Fitness Multimedia LLC*, 2020 WL 3640064, at *3-4 (D. Del. July 6, 2020) (asserted patents alleged to provide "unconventional technological advancements over the prior art that synchronize performance parameters to simulate the feeling of live competition for the user of an archived class," thereby helping "to solve the problem of 'rider boredom'"); *Guada Techs. LLC v. Vice*

*Media, LLC*, 341 F. Supp. 3d 390, 399-400 (D. Del. 2018) (fact question remained as to whether specific claimed technique of using "keywords" to "jump" from "node" to "node" improved on "how prior art hierarchies were navigated").

Here again, Plaintiff does not identify any gaps or problems in the prior art addressed by the claimed inventions, including gaps or problems in prior art sensor integration, communication interfaces, or decision making. Nor does it show, through citations to the patents or other evidence, or even the allegations in its Complaint, how the claimed combinations address such problems. In fact, Plaintiff offers conclusory attorney argument without even citing the patents' specifications at all. *See, e.g.*, *Gen. Elec. Co. v. LPP Combustion, LLC*, 773 F. Supp. 3d 117, 127 (D. Del. 2025) (holding "conclusory statement" that claimed invention provides technical improvement "does not make is so," where patentee "provides no evidence of a technical improvement nor any citation within the specification that indicates such an improvement"); *GeoComply Sols.*, 2023 WL 1927393, at *13-14. All Plaintiff is left with is a list of claim elements that "merely add generic network capabilities" to existing containers, injectors or central facilities, implemented using standard technology. That is insufficient. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 774-75 (Fed. Cir. 2019); *CardioNet*, 816 F. App'x at 476.

### 4. The Complaint should be dismissed with prejudice

For these reasons, Plaintiff has not shown that its asserted patent claims are eligible subject matter, so dismissal is warranted. Perhaps recognizing the merit of Defendants' motion, Plaintiff asks for leave to amend the Complaint, but never explains what it would add or why that would be sufficient. D.I. 16 at 18. Plaintiff had the incentive and opportunity to identify inventive concepts in its opposition brief yet did not and could not do so. There is no reason to believe it could do so in an amended Complaint. *See, e.g.*, *Game Play Network, Inc. v. Potent Sys., Inc.*,

2025 WL 26737, at *7 (D. Del. Jan. 3, 2025); *Fast 101 PTY Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 393 (D. Del. 2020), *aff'd,* 834 F. App'x 591 (Fed. Cir. 2020).

### B. The Complaint Fails To State A Claim For Willful Infringement

Plaintiff has not stated a claim for willful infringement. Plaintiff's only allegation of Defendants' pre-suit knowledge remains speculation that Defendants' representatives attended a conference or read an article mentioning the patents. D.I. 16 at 16-17. The Court does not have to accept such speculation as true. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016). But even if it did, Plaintiff does not allege that Defendants had "both knowledge of the patent ***and of the infringement***," as required to state a claim for willful infringement. *See iFIT Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022); *Malvern Panalytical Ltd v. TA Instruments-Waters LLC*, 2021 WL 3856145, at *2 (D. Del. Aug. 27, 2021).[1]

### III. CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Gregg F. LoCascio, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

*Attorneys for Defendants*

---

[1] In *Groove Digital, Inc. v. Jam City, Inc.*, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019), by contrast, the complaint plausibly alleged that the defendant "monitors patent litigation against its competitors," and therefore had been aware of the asserted patent since the plaintiff filed suit against another competitor in the same industry, which gave notice both of the asserted patent and that it might be asserted against competitive products in the defendant's industry.

Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

August 15, 2025

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 15, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David L. Hecht, Esquire<br>Delphine W. Knight Brown, Esquire<br>Yi Wen Wu, Esquire<br>HECHT PARTNERS LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)