IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW DIRECTIONS TECHNOLOGY CONSULTING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 25-506-RGA ) |
| ABBOT LABORATORIES INC. and BIGFOOT BIOMEDICAL, INC., | ) ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

At Wilmington, this 30th day of January 2026:

WHEREAS, on April 25, 2025, Plaintiff New Directions Technology Consulting, LLC ("Plaintiff") initiated this patent-infringement action against Defendants Abbott Laboratories Inc. and Bigfoot Biomedical, Inc. (collectively, "Defendants"), alleging that Defendants infringe various claims of U.S. Patent Nos. 7,871,393 ("the '393 Patent"), 8,044,778 ("the '778 Patent"), 8,149,111 ("the '111 Patent") and 8,212,658 ("the '658 Patent") (collectively, "the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, on June 27, 2025, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (*see* D.I. 12 & 13), arguing that Plaintiff failed to plausibly allege willful infringement of the Asserted Patents and, further, that all claims of all Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, on October 2, 2025, Judge Andrews found that Plaintiff had failed to state a claim of willful infringement and, at the same time, referred the remainder of the motion (*i.e.*, the § 101 issues) to the undersigned judge (D.I. 18);

WHEREAS, as related to patent eligibility, across the four Asserted Patents, there are more than 160 claims, and Defendants request that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage (*see* D.I. 13 at 9);

WHEREAS, although Defendants assert that there are four representative claim groups for the various patents challenged under § 101, the representativeness discussion is at times conclusory and largely unhelpful[1] because the claim groups encompass more than 160 claims and yet Defendants lump tens of claims together without meaningfully discussing how (or why) the specific additional limitations fail to change the eligibility result (*see* D.I. 13 at 2-7 & 9-10; *see also id.* at 5-6 ("The '778 and '658 patents' dependent claims recite features of the container including container and sensor types ('778 claims 2-8, 12-13, 15-16, 20, 26,30-59, 65-70; '658 claims 2-5), use with and limitations on the external device ('778 claims 10, 17-18, 60-64, 71-96; '658 claims 6, 20) and use of other generic components ('778 claims 19, 24; '658 claims 7, 17-19)."));

WHEREAS, Plaintiff does not directly discuss the representative claim groupings in its brief and instead summarizes nineteen Federal Circuit opinions involving patent eligibility under § 101 without meaningfully applying any of those cases to any particular claim of the Asserted Patents (*see* D.I. 16 at 4-16);

WHEREAS, the breadth and volume of the patent eligibility challenge launched by Defendants at this motion to dismiss stage has seriously compromised the parties' ability to

---

[1] In fact, Defendants seem to be aware of the unwieldiness of their representativeness analysis as evidenced by the multiple pages of appendices attached to their brief – claim charts outlining the differences among various independent claims. (*See* D.I. 13 at 9-10 ("[A]s shown in Appendices A and B, '778 patent claims 1 and 11 are representative of the two groups of claims in the '778 and '658 patents."); *see also id.* at Appendices A & B). Use of these claims charts to supplement the representativeness arguments, however, circumvents the briefing page limits of the Local Rules. *See* D. DEL. LR 7.1.3(a)(4). There are seven pages of charts appended to an already twenty-page brief.

effectively present the arguments in a clear and helpful manner for the Court;

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendants' § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than 160 claims from the Asserted Patents – even with purportedly representative groupings – at the motion to dismiss stage, particularly where it is still unclear whether representativeness should apply (and how) and the parties' briefing leaves much to be desired in the way of analysis.

THEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be DENIED without prejudice to renew at summary judgment with respect to the § 101 issues.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to four (4) pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. See FED. R. CIV. P. 72(b)(2). Any responses to the objections shall limited to four (4) pages and filed within fourteen days (14) after the objections. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. See *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

UNITED STATES MAGISTRATE JUDGE