IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW DIRECTIONS TECHNOLOGY CONSULTING LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 25-506-RGA |
| ABBOTT LABORATORIES INC. and BIGFOOT BIOMEDICAL, INC., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 30, 2026
REPORT AND RECOMMENDATION TO DENY THEIR MOTION TO DISMISS**

OF COUNSEL:

Gregg F. LoCascio
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5000

Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

February 13, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

I.     INTRODUCTION

Defendants (collectively, "Abbott") respectfully object to the Magistrate Judge's January 30, 2026 Report and Recommendation ("R&R") that Abbott's motion to dismiss on § 101 grounds should be denied. D.I. 19. The sole basis for the recommendation is that Abbott purportedly did not sufficiently show that four claims addressed in its brief are representative of the remaining claims in the asserted patents. *Id.* But the R&R overlooks that Plaintiff did not dispute in opposition that those claims are representative, and therefore "waived any argument that [other] claims should be analyzed separately from" them for eligibility purposes. *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1264 n.4 (Fed. Cir. 2016); *Peters v. Ryan*, C.A. No. 16-1332-RGA, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant."). Even if Plaintiff had contested representativeness, the Magistrate Judge erred by not deciding whether the four claims are patent eligible. *See, e.g.*, *Glanta Ltd. v. Soapy Care Ltd.*, 762 F. Supp. 3d 406, 410-11 (D. Del. 2025). For these reasons, the R&R should be set aside, and the Court should either remand to the Magistrate Judge for further merits consideration, or consider the merits in the first instance based on the submitted briefing (D.I. 13, 16-17).

II.    ARGUMENT

The Court must set aside a magistrate judge's order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). That is the case here where the R&R rests on an argument that Plaintiff waived.

   A.    **The R&R Overlooks That Plaintiff Waived Any Representativeness Dispute**

The Court recently reiterated the relevant standards and burdens for representativeness in *Lighting Fitness Sys. LLC v. Precor Inc.*, C.A. No. 24-12-RGA, 2025 WL 662082, at *2 (D. Del. Feb. 28, 2025). As the Court noted, "[a]nalyzing representative claims is proper" when claims "are

substantially similar and linked to the same [abstract idea]." *Id.* (quoting *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017)). Thus, courts "may treat a claim as representative ... if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim[s.]" *Id.* (quoting *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024)).

In the background section of its Opening Brief, Abbott described the four asserted patents, including their claims, in detail. *See* D.I. 13 at 3-7. Abbott then dedicated the first argument section of its brief to explaining why four of those claims are representative, explaining how the ineligible concepts are carried through to all claims of the asserted patents with no additional elements that would render the claims patent eligible. *See id.* at 9-10. In this way, Abbott made "a *prima facie* showing" that all claims are "substantially similar and linked to the same ineligible concepts" as the four representative claims. *Lighting Fitness*, 2025 WL 662082, at *2. At that point, "the burden shift[ed] to [Plaintiff] to present non-frivolous arguments as to why the eligibility of the identified representative claim[s] cannot fairly be treated as decisive of the eligibility of all claims in the [asserted patents]." *Id.* But Plaintiff did not even attempt to meet that burden, instead focusing its entire opposition brief on the two-step *Alice* test. D.I. 16 at 4-16.

The Federal Circuit has held that where a patentee responding to a Rule 12(b)(6) motion on § 101 grounds "has not separately argued the patent eligibility of" certain claims, it "thus has waived any argument that those claims should be analyzed separately from" the identified representative claims. *Affinity Labs*, 838 F.3d at 1264 n.4; *see also British Telecomms. PLC v. IAC/InterActiveCorp*, 813 F. App'x 584, 587 (Fed. Cir. 2020) (where patentee "did not present any meaningful argument for the distinctive significance of any claim limitation not found in claim 1, the district court did not err in finding that [the plaintiff] had forfeited its ability to argue that

2

other claims are separately patent eligible."). And as this Court has noted, "[w]hen a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant." *Peters*, 2017 WL 1393692, at *2. That is the case here.

The R&R's sole basis for denial is that "it is still unclear whether representativeness should apply (and how)" and "it is not an efficient use of the Court's time to address the patent eligibility of more than 160 claims from the Asserted Patents." D.I. 19 at 3. The R&R acknowledges that "Plaintiff does not directly discuss the representative claim groupings in its brief," and merely "summarizes nineteen Federal Circuit opinions involving patent eligibility under § 101 without meaningfully applying any of those cases to any particular claim of the Asserted Patents." *Id.* at 2. Yet, the R&R omits that the cited portions of Plaintiff's brief addressed only the *Alice* test, not representativeness. D.I. 16 at 4-16. The R&R also suggests in a footnote that "claim charts" in Appendices to Abbott's briefing "circumvent[ed] the briefing page limits of the Local Rules." D.I. 19 at 2 n.1 (citing D. Del. LR 7.1.3(a)(4)). Those Appendices merely listed independent claims of two asserted patents verbatim, without any commentary or argument, solely to assist the Court in view of the extraordinary length of Plaintiff's asserted claims.[1] D.I. 13, Appendices A and B. In any event, even if the Appendices were to be ignored, that still would not change that Plaintiff did not dispute representativeness and thus, based on the Federal Circuit's and this Court's precedent, waived any argument that other claims' unique limitations could support eligibility. *See supra*.

As such, the premise of the R&R—that the Court needs to address eligibility of more than the four identified representative claims—is erroneous, and it should be set aside under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Because the R&R does not address the merits of the *Alice* test, Abbott does not address them here, but rather rests on its initial briefing (D.I. 13, 17).

---

[1] Those asserted claims alone take up over 400 lines. D.I. 1-2, Cols. 43-48; D.I. 1-4, Cols. 43-46.

3

### B. The Court Should At Least Address Eligibility Of The Four Analyzed Claims

Even if the Court were to find that Plaintiff had not waived any representativeness dispute, the Magistrate Judge further erred by recommending that the most efficient course is to wait until summary judgment, after the asserted claims are narrowed, to address § 101. On the contrary, in cases where representativeness is not made out, the appropriate course is to at least address eligibility of the analyzed claims. *See, e.g.*, *Glanta*, 762 F. Supp. 3d at 412-15; *Eagle View Techs., Inc. v. Roofr, Inc.*, 651 F. Supp. 3d 729, 734 (D. Del. 2023). Here, deciding eligibility of the four identified claims could potentially eliminate those claims from the case, provide the parties with meaningful guidance for the case going forward on the other claims, and promote early settlement.

In contrast, letting the R&R stand as is could have multiple undesirable consequences, including beyond this case. *First*, adopting the R&R's reasoning—that Plaintiff's asserted patents contain too many claims to assess representativeness and eligibility at the motion to dismiss stage—would incentivize patentees like Plaintiff to stack their patents with voluminous, wordy claims, guaranteeing their litigation targets years of burden and expense with which to force settlement regardless of their patents' eligibility. *Second*, if the Court adopts the R&R without considering the merits of Abbott's motion, but then later decides on summary judgment that the asserted claims are indeed not patent eligible, the burden and expense of the many months if not years of litigation in the interim will have been wasted.

### III. CONCLUSION

Abbott respectfully requests that the Court sustain Abbott's objections to the R&R, and either remand to the Magistrate Judge for further merits review, or consider the merits in the first instance based on the submitted briefing (D.I. 13, 16-17).

OF COUNSEL:

Gregg F. LoCascio, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5000

Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

February 13, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*

5

**DEFENDANTS' CERTIFICATION PURSUANT TO STANDING
ORDER ON OBJECTIONS FILED UNDER FED. R. CIV. P. 72**

Abbott hereby certifies that its Objections to the Magistrate Judge's January 30, 2026 Report & Recommendation raise no new legal or factual arguments on the merits of the Section 101 Motion to Dismiss. Abbott previously raised that there was no dispute as to whether the patent claims identified in its Motion to Dismiss were representative for the purposes of the Section 101 analysis. D.I. 17 at 2. The Report & Recommendation nevertheless recommended denying Abbott's Motion to Dismiss on representativeness grounds. The additional authorities relied upon in Abbott's Objections are responsive to the issues raised by the Report & Recommendation.

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David L. Hecht, Esquire<br>Delphine W. Knight Brown, Esquire<br>Yi Wen Wu, Esquire<br>HECHT PARTNERS LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)